UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Shoney's North America Corp.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:10-cv-00894 |
| | ) Judge Trauger |
| **Goldmine Hospitality, LLC**, | ) |
| **Southern Hospitality Services, LLC**, | ) |
| **Dipankar Ben Banerjee**, **Moushumi** | ) |
| **Banerjee**, and **Brian R. Rachal**, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR PRELIMINARY INJUNCTION

This case came before the Court for a hearing on October 5, 2010 on Plaintiff Shoney's North America Corp. ("Shoney's") Motion for Temporary Restraining Order and Preliminary Injunction against Defendants Goldmine Hospitality, LLC ("Goldmine"), Dipankar Ben Banerjee ("Mr. Banerjee") and Moushumi Banerjee ("Mrs. Banerjee") (collectively, "Defendants"). Notice of the hearing was provided to the Defendants, as set forth in the Declaration of Mark S. VanderBroek, but neither Defendants nor their counsel appeared to contest the motion. After considering the evidence in the form of the Verified Complaint and the filed declarations, Shoney's Memorandum of Law, and the argument of Shoney's counsel, the Court makes the following findings and rulings.

The Court finds that Shoney's has met all four elements required to obtain preliminary injunctive relief. Defendants are a former Shoney's franchisee and its owners, who are continuing to use SHONEY'S trademarks and restaurant trade dress, without authorization,

following Shoney's termination of Goldmine's franchises and accompanying licenses to use Shoney's trademarks and trade dress at two separate restaurants located at 5119 University Parkway, Natchitoches, Louisiana (the "Natchitoches Restaurant") and at 1832 Old Minden Road, Bossier City, Louisiana (the "Bossier City Restaurant"). Shoney's has established that it terminated the applicable license agreements based on Defendants' defaults and after appropriate notice, and that Defendants' continuing unauthorized use of the SHONEY'S Marks is likely to cause confusion of the public and amounts to a breach of Defendants' post-termination obligations under the applicable License Agreements. As a result, Shoney's has shown a strong likelihood of success on the merits of its claims for trademark infringement and breach of contract.

Absent injunctive relief, Shoney's will continue to suffer irreparable harm in the form of a loss of control over its trademarks and the quality of goods and services provided thereunder, which harm would be difficult to quantify in money damages. Furthermore, issuance of the injunction would not cause substantial harm to Defendants, as it only requires them to honor their post-termination contractual obligations. Finally, granting injunctive relief will serve the public interest by preventing confusion of the public and by enforcing contractual duties.

Furthermore, in Section 18.D of the License Agreements, Defendants agreed that Shoney's would have the right to preliminary injunctive relief to restrain any conduct in connection with the operation of the restaurants that could materially damage the goodwill associated with the SHONEY'S marks and Shoney's restaurants; and that Shoney's would not have to post a bond to obtain injunctive relief.

Accordingly, it is HEREBY ORDERED that Defendants and their subsidiaries, affiliates, officers, agents, employees and those persons in active concert or participation with them are preliminarily enjoined, during the pendency of this action:

(i) from using Shoney's trademarks or service marks, including the SHONEY'S trademarks and service marks, or any variant thereof which is a colorable imitation of or otherwise likely to be mistaken for or confused with or dilute the distinctiveness of Shoney's trademarks and service marks;

(ii) from maintaining any signs, menus, fixtures, furniture, furnishings or other materials that display or contain the SHONEY'S Marks, or any colorable imitation thereof, and from maintaining any aspects of interior and exterior décor of the Nachitoches Restaurant and Bossier City Restaurant that identify or relate to Shoney's trade dress or a Shoney's restaurant;

(iii) from representing the Nachitoches Restaurant and Bossier City Restaurant operated by Defendants as being in any way associated with Shoney's or its franchise system; and

(iv) requiring Defendants to file with the Court, within fifteen (15) days of entry of this Order, a signed and notarized report showing Defendants' compliance with the Court's injunction, including color pictures depicting Defendants' de-identification of the Nachitoches Restaurant and Bossier City Restaurant.

The Court relieves Shoney's of the requirement of filing a bond, given the contractual language to that effect.

N CKG 792903 v2
2909513-000026 10/05/2010

SO ORDERED, this __6th__ day of October, 2010.

```
                                        /s/ Aleta A. Trauger
                                        _____
                                        ALETA A. TRAUGER
                                        UNITED STATES DISTRICT COURT JUDGE
```

SUBMITTED BY:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC


/s/ Charles K. Grant
Charles K. Grant
Tennessee Bar No. 017081
Commerce Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone (615) 726-5767
Facsimile (615) 744-5767

Of Counsel (*pro hac vice* applications pending)

TROUTMAN SANDERS LLP
Mark S. VanderBroek
Vincent Bushnell
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

*Attorneys for Plaintiff*
*Shoney's North America Corporation*